IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

DERRICK L. SMITH,

    Plaintiff,                                          OPINION AND ORDER

    v.                                                       12-cv-954-wmc

BOB DICKMAN, *et al.*,

    Defendants.

---

    State inmate Derrick L. Smith has filed this civil action pursuant to 42 U.S.C. § 1983, concerning the conditions of his confinement at the Marathon County Jail. He has been granted leave to proceed *in forma pauperis* in this case and he has paid an initial, partial filing fee as required by the Prison Litigation Reform Act (PLRA), 28 U.S.C. § 1915(b)(1). Because he is incarcerated, the PLRA also requires the court to screen the complaint and dismiss any portion that is legally frivolous, malicious, fails to state a claim upon which relief may be granted or asks for money damages from a defendant who by law cannot be sued for money damages. 28 U.S.C. § 1915A. In addressing any *pro se* litigant's complaint, the court must read the allegations generously, reviewing them under "less stringent standards than formal pleadings drafted by lawyers." *Haines v. Kerner*, 404 U.S. 519, 521 (1972). Even under this very lenient standard, Smith's request for leave to proceed must be denied for reasons set forth below.

FACTS

For purposes of this order, the court accepts all well-pled allegations as true and assumes the following probative facts.[1]

The plaintiff, Derrick L. Smith, has a lengthy criminal record of convictions from Marathon County, Wisconsin, dating back to at least 1996. Smith turned himself in to the Marathon County Jail on June 5, 2012, after he was charged with several felony offenses in Marathon County Case No. 2012CF386.[2] Smith was also charged with violating the terms of his supervised release from a previous sentence of imprisonment. Following the revocation of his parole and return to state prison in October 2012, Smith was transferred from the Marathon County Jail to the Dodge Correctional Institution ("DCI") of the Wisconsin Department of Corrections ("WDOC"). In February 2013, Smith was assigned to the Columbia Correctional Institution ("CCI"). On August 6, 2013, Smith was released from state prison on extended supervision. Because a detainer was pending against him from Marathon County, Smith returned to custody at the Marathon County Jail, where he is currently awaiting trial in Case No. 2012CF386.

In this case, Smith has filed suit under 42 U.S.C. § 1983 against Marathon County Jail Administrator Bob Dickman, John and Jane Doe guards on first and second shift, and

---

[1] The court has supplemented the sparse allegations in the complaint with dates and procedural information about plaintiff's underlying criminal case from the electronic docket available at Wisconsin Circuit Court Access, http://wcca.wicourts.gov (last visited November 15, 2013). The court draws all other facts from the complaint in this case and several others filed recently by Smith, as well as any exhibits attached to his pleadings. *See* FED. R. CIV. P. 10(c); *see also Witzke v. Femal*, 376 F.3d 744, 749 (7th Cir. 2004) (explaining that documents attached to the complaint become part of the pleading, meaning that a court may consider those documents to determine whether plaintiff has stated a valid claim).

[2] Smith has been charged in that case with first-degree sexual assault with a dangerous weapon; substantial battery intending bodily harm; strangulation and suffocation (two counts); false imprisonment; and victim intimidation by use or attempted use of force. *See State v. Derrick L. Smith*, Marathon County Case No. 2012CF386.

John and Jane Doe supervisors at the Jail. While in custody at the Jail in June 2012, Smith began receiving threats from other inmates, whom he describes as "young gang bangers." Smith reported the threats to four officers (Tully, Danelle, Woolworth, and a John Doe), each of whom allegedly said there was "nothing they could do." Smith reported the threats to other John or Jane Doe officers, who said that they would tell their supervisors, but Smith received no response. Smith alerted Dickman of these threats as well by filing a grievance, but nothing was done. On July 25, 2012, Smith was "attacked by 1 to 3 inmates in the Jail." Thereafter, Smith was treated at the hospital for a collapsed right lung and unspecified damage to his right eye.

OPINION

A complaint may be dismissed for failure to state a claim where the plaintiff alleges too little, failing to meet the minimal federal pleading requirements found in Rule 8 of the Federal Rules of Civil Procedure. Rule 8(a) requires a "'short and plain statement of the claim' sufficient to notify the defendants of the allegations against them and enable them to file an answer." *Marshall v. Knight*, 445 F.3d 965, 968 (7th Cir. 2006). While it is not necessary for a plaintiff to plead specific facts, he must articulate "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements" are insufficient to establish a plausible claim. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2007) (citing *Twombly*, 550 U.S. at 555) (observing that courts "are not bound to accept as true a legal conclusion couched as a factual allegation").

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege that (1) he was deprived of a right secured by the Constitution or laws of the United States; and (2) the

deprivation was visited upon him by a person or persons acting under color of state law. *Buchanan-Moore v. County of Milwaukee*, 570 F.3d 824, 827 (2009) (citing *Kramer v. Village of North Fond du Lac*, 384 F.3d 856, 861 (7th Cir. 2004)). To demonstrate liability under § 1983, a plaintiff must allege sufficient facts showing that an individual personally caused or participated in the alleged constitutional deprivation. *See Zimmerman v. Tribble*, 226 F.3d 568, 574 (7th Cir. 2000); *Walker v. Taylorville Correctional Ctr.*, 129 F.3d 410, 413 (7th Cir. 1997) (noting that "personal involvement" is required to support a claim under § 1983). Dismissal is proper "if the complaint fails to set forth 'enough facts to state a claim to relief that is plausible on its face.'" *St. John's United Church of Christ v. City of Chicago*, 502 F.3d 616, 625 (7th Cir. 2007) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).

Liberally construed, Smith alleges that the defendants failed to protect him from assault by other inmates in violation of the Eighth Amendment.[3] To state a claim for failure to protect from an assault, a prisoner must allege that: (1) he was incarcerated under conditions which, when viewed objectively, posed a substantial risk of serious harm; and (2) the defendants were subjectively aware of, but intentionally disregarded that risk. *See Farmer v. Brennan*, 511 U.S. 825, 834, 837 (1994); *Dale v. Poston*, 548 F.3d 563, 569 (7th Cir. 2008). In other words, Plaintiff must show that the defendants were deliberately indifferent to his

---

[3] When the complained of incident occurred, Smith was in custody at the jail pending the revocation of his supervised release. He was also facing new criminal charges against him in Marathon County Case No. 2012CF386. Assuming that Smith was a pretrial detainee protected by the Due Process Clause of the Fourteenth Amendment, his proposed claim is governed by the same legal standard that applies to convicted prisoners under the Eighth Amendment, which prohibits cruel and unusual punishment. *See Bell v. Wolfish*, 441 U.S. 520, 535 n.16 (1979); *Williams v. Rodriguez*, 509 F.3d 392, 401 (7th Cir. 2007) (citing *Cavalieri v. Shepard*, 321 F.3d 616, 620 (7th Cir. 2003) ("The Eighth Amendment does not apply to pretrial detainees, but as a pretrial detainee, [plaintiff] was entitled to at least the same protection against deliberate indifference to his basic needs as is available to convicted prisoners under the Eighth Amendment.")).

plight. *See Farmer*, 511 U.S. at 834; Santiago v. Walls, 599 F.3d 749, 756 (7th Cir. 2010).

Deliberate indifference requires more than a showing of negligent or even grossly negligent behavior. *See Farmer*, 511 U.S. at 835; *see also Snipes v. DeTella*, 95 F.3d 586, 590 (7th Cir. 1996) ("Mere negligence or even gross negligence does not constitute deliberate indifference.") (citation omitted). Rather, an officer must have acted with the equivalent of criminal recklessness. *Farmer*, 511 U.S. at 836-37. In this context, failure to protect an inmate from harm "violates the Eighth Amendment's prohibition of cruel and unusual punishment only if 'deliberate indifference by prison officials [to the prisoner's welfare] effectively condones the attack by allowing it to happen[.]'" *Borello v. Allison*, 446 F.3d 742, 749 (7th Cir. 2006) (quoting *Lewis v. Richards*, 107 F.3d 549, 553 (7th Cir. 1997) (citation omitted)).

In this instance, Smith provides no details about the threats that were made against him. He does not specify when the threats were made and who made them. He neither discloses the substance of those threats nor identifies which defendant he told about them, much less what that defendant was told and the reasons why the defendant should have treated them as credible.

To state a claim, a plaintiff must allege facts "sufficient to show 'that the defendants had actual knowledge of an impending harm easily preventable, so that a conscious, culpable refusal to prevent the harm can be inferred from the defendant's failure to prevent it.'" *Santiago*, 599 F.3d at 756 (quoting *Lewis v. Richards*, 107 F.3d 549, 533 (7th Cir. 1997)). In other words, where a plaintiff has been the victim of an attack, he must allege facts showing that the defendants knew there was a substantial risk from those who attacked the plaintiff, yet failed to take any action to prevent the impending assault. *See Sanville v. McCaughtry*, 266 F.3d 724, 733-34 (7th Cir. 2001). Smith's vague allegations are insufficient to demonstrate

that any of the defendants were on notice of a specific risk of harm, but deliberately ignored it.

Absent allegations demonstrating that the defendants knew of a specific, imminent threat to Smith's safety from the inmates who attacked him, he does not sufficiently allege facts establishing that any of the defendants ignored a substantial risk to his safety with deliberate indifference to that risk. Thus, the proposed complaint does not meet the pleading standard found in Fed. R. Civ. P. 8(a), and will be dismissed without prejudice for failure to state a claim.

Smith may file an amended complaint in this case to cure the deficiencies outlined above. To proceed, plaintiff must file an amended complaint within sixty days of the date of this order. That proposed amended complaint must set forth a "short and plain statement" of his claims, *see* Fed. R. Civ. P. 8(a), including only those claims lodged in the original complaint. Unrelated claims must be brought in a separate action. If plaintiff submits an amended complaint in compliance with this order, the court will take that complaint under consideration for screening pursuant to 28 U.S.C. § 1915A. If plaintiff fails to submit an amended complaint as directed, then this case will be closed without further notice pursuant to Fed. R. Civ. P. 41(b).

ORDER

IT IS ORDERED that:

1. Plaintiff Derrick L. Smith's request for leave to proceed is DENIED and his complaint is DISMISSED without prejudice for failure to state a claim.

2. To proceed, plaintiff must file an amended complaint **within sixty days** of the date of this order. That proposed amended complaint must set forth a "short and plain statement" of the facts in support of his claims, *see* Fed. R. Civ. P. 8(a), limited to those claims listed in the original complaint.

3. If plaintiff submits an amended complaint in compliance with this order, the court will take that complaint under consideration for screening pursuant to 28 U.S.C. § 1915A. **If plaintiff fails to submit an amended complaint as directed within 60 days, then this case will be closed without further notice pursuant to Fed. R. Civ. P. 41(b).**

Entered this 25th day of November, 2013.

                BY THE COURT:

                /s/

                _____
                WILLIAM M. CONLEY
                District Judge